UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

v.                                        Case No. 12-C-0159

DONALD L. JORGENSON, JR.
d/b/a DJ'S MOOSE KNUCKLE LODGE,

    Defendant.

**DECISION AND ORDER**

On February 16, 2012, plaintiff Joe Hand Promotions, Inc. filed this lawsuit against defendant Donald L. Jorgenson, Jr., doing business as DJ's Moose Knuckle Lodge. Plaintiff alleges defendant violated the Communications Act of 1934, 47 U.S.C. § 605, *et seq.*, and the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, *et seq.* (collectively, the Federal Communications Act, or "FCA") by unlawfully intercepting and exhibiting a televised boxing event.[1] Before me now is defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Defendant contends that the complaint should be dismissed on its face because it is untimely, arguing the two-year statute of limitations in the

---

[1] Plaintiff's complaint alleges violations of both § 605 and § 553. (Compl. ¶ 24.) According to the plaintiff, the event was distributed via satellite signal, and was then re-transmitted to cable systems and satellite companies via satellite signal. (Compl. ¶ 9.) Plaintiff recognizes that defendant can only be liable under one of the statutory sections, it has not determined whether defendant intercepted plaintiff's signal via a cable system in violation of § 553 or via a satellite transmission in violation of § 605. (Compl. ¶ 24.) For the purpose of deciding the instant motion, I will refer to both sections as the FCA.

Electronic Communications Privacy Act (commonly referred to as the "Wiretap Act"), 18 U.S.C. §§ 2510-2522, applies to bar the instant action.

The dispute between the parties involves the broadcast of "Ultimate Fighting Championship 108: Rashad Evans v. Thiago Silva." As alleged in the complaint, plaintiff Joe Hand Promotions, Inc. was granted exclusive nationwide commercial distribution rights to the event, which was broadcast on January 2, 2010 via closed circuit television and encrypted satellite signal. (Compl. ¶ 9.) Pursuant to its contractual rights to the event, plaintiff entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the event. (Compl. ¶ 10.) Plaintiff alleges that defendant Donald L. Jorgenson unlawfully intercepted and exhibited the event at his commercial establishment, DJ's Moose Knuckle Lodge in Oneida, Wisconsin on January 2, 2010.

**LEGAL STANDARD**

The standard on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as the standard for failure to state a claim under Rule 12(b)(6). *U.S. v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998); *see* Fed. R. Civ. P. 12(c). "Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *N. Ind. Gun*, 163 F.3d at 452 (quoting *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)).

## ANALYSIS

Under the FCA, a person may bring a civil action to recover damages from the unauthorized receipt or transmission of wire, radio or cable communications. *See* 47 U.S.C. §§ 553 and 605. Congress did not specify a statute of limitations for bringing a civil action pursuant to §§ 553 or 605. When a federal statute does not include its own statute of limitations, federal courts are directed to borrow the forum state's most analogous statute of limitations. *Berger v. AXA Network LLC*, 459 F.3d 804, 808 (7th Cir. 2006) (citing *Reed v. United Transp. Union*, 488 U.S. 319, 323 (1989)). The rule has "enjoyed sufficient longevity that we may assume that, in enacting remedial legislation, Congress ordinarily 'intends by its silence that we borrow state law.'" *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 356 (1991) (quoting *Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 147 (1987)). As a result, "[r]ooted as it is in the expectations of Congress, the 'state-borrowing doctrine' may not be lightly abandoned." *Lampf*, 501 U.S. at 356.

However, a "closely circumscribed exception" to the general rule allows for borrowing from a federal statute of limitations "when the operation of a state limitations period would frustrate the policies embraced by the federal enactment." *Lampf*, 501 U.S. at 356 (internal quotations omitted). *See also Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 367 (1977) ("State legislatures do not devise their limitations periods with national interests in mind, and it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies."); *Johnson v. Railway Express Agency*, 421 U.S. 454, 465 (1975) ("Although state law is our primary guide in this area, it is not, to be sure, our exclusive guide."). A court should follow the exception only "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake

and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." *Reed v. United Transp. Union*, 488 U.S. 319, 324 (1989) (quotations omitted). Where "a state counterpart provides a limitations period without frustrating consequences, it is simply beside the point that even a perfectly good federal analogue exists." *North Star*, 515 U.S. at 37 (explaining that a federal statute of limitations should be a "secondary lender"). Needless to say, the judgment as to what statute of limitations should be borrowed is "a delicate one." *Lampf*, 501 U.S. at 356.

The Seventh Circuit Court of Appeals has not provided guidance as to what statute of limitations should be borrowed for claims arising under §§ 553 or 605. *See Joe Hand Promotions, Inc. v. Duede*, 09-1320, 2010 WL 1782260 (C.D. Ill. Feb. 16, 2010). The parties propose several different limitations periods. Defendant argues that the Court should borrow the two-year limitation period in the Wiretap Act, 18 U.S.C. §§ 2511 and 2512. Plaintiff argues: (1) Wisconsin's "theft of satellite cable programming" statute, Wis. Stat. § 943.47, is analogous and the six-year statute of limitations applicable to it should apply; or (2) if a federal limitations period is appropriate, then the Court should borrow the three-year limitations period under the Copyright Act, 17 U.S.C. §§ 504-505.

Other federal courts have created a patchwork of decisions, borrowing limitations periods from several different sources for television signal piracy claims under the FCA. *See, e.g.*, *DirecTV, Inc. v. Webb*, 545 F.3d 837 (9th Cir. 2008) (borrowing one-year statute of limitations from analogous state-law); *Kingvision Pay-Per-View Corp. v. 989 Belmont, Inc.*, 366 F.3d 217 (3d Cir. 2004) (borrowing two-year statute of limitation from analogous state law); *DirecTV, Inc. v. Wright*, 350 F. Supp. 2d 1049 (N.D. Ga. 2004) (borrowing four-year statute of limitations from analogous state law); *DirecTV, Inc. v. Johnson*, No. 03-C-8504, 2004 WL 2011392 (borrowing two-year

statute of limitations from the federal Wiretap Act); *In re Cases Filed by DirecTV, Inc.*, 344 F. Supp. 2d 647 (D. Ariz. 2004) (same); *Prostar v. Massachi*, 239 F.3d 669 (5th Cir. 2001) (borrowing three-year statute of limitations from the federal Copyright Act); *Time Warner Cable Nat'l Div. v Bubacz,* 198 F. Supp. 2d 800 (N.D. W.Va. 2001) (same); *Entertainment by J & J, Inc. v Tia Maria Mexican Rest. & Cantina*, Inc. 97 F. Supp. 2d 775 (S.D. Tex. 2000) (same).

Defendant argues that federal law should apply in this case because the Wisconsin law analogous to the FCA does not contain its own statute of limitations. The parties agree that the closest state-law analogue is Wis. Stat. § 943.47 (Theft of Satellite Cable Programming), which prohibits the unlawful interception of an encrypted satellite cable program. Because § 943.47 does not specify a limitations period, defendant maintains the Court would have to apply a statute of limitations from a state "catch all" provision,[2] and consequently, federal law provides a more appropriate analogue.

Instead, defendant contends that the Court should borrow the statute of limitations from the federal Wiretap Act, which prohibits the unauthorized interception and use of satellite and other radio communications. Defendant argues that the Wiretap Act and the FCA overlap and are similar in purpose and scope–both focus on signal piracy and both have similar remedial structures. Defendant further asserts that because claims under §§ 553 and 605 involve "purely inter-state communications," courts should borrow a federal limitations statute to foster uniformity in dealing with the multi-state nature of FCA actions. (Def. Br. at 8.) Moreover, while some courts have

---

[2] The parties dispute what state catch all provision should apply. Defendant asserts Wis. Stat. § 893.51, which prescribes a six-year statute of limitations for actions "to recover damages for the wrongful taking, conversion, or detention of personal property." Plaintiff in turn contends that Wis. Stat. § 893.93(a), which also applies a six-year statute of limitations for an "action upon a liability created by statute when a different limitation is not prescribed by law."

found that the federal Copyright Act and its three-year limitations period provides the best federal counterpart to §§ 553 and 605, defendant argues this Court should not borrow from the Copyright Act because the Wiretap Act is more analogous to the issues here, particularly because this case does not actually concern any copyrights.

It appears that plaintiff's cause of action will only be barred if the two-year statute of limitations from the federal Wiretap Act is borrowed in this case, and defendant urges this is the correct result. Although the Wiretap Act is arguably analogous, defendant has not established that it provides a "clearly" or "significantly" more appropriate fit than Wisconsin's theft of satellite cable programing statute. *See Reed*, 488 U.S. at 324. Wisconsin's Theft of Satellite Cable Programming statute is substantially comparable to § 605–the statutes prohibit the unlawful interception of encrypted satellite signals, provide for criminal sanctions, provide a civil right of action for statutory violations, and offer similar damages provisions, including similar types and amounts of damages depending on whether a violation was willful. The fact that the state statute does not prescribe a limitations period is irrelevant and does itself frustrate or interfere with federal policy. *See Webb*, 545 F.3d at 849. Because I find Wis. Stat. § 943.47 is analogous, defendant must establish that borrowing the statute of limitations from the state law will somehow frustrate the purpose of §§ 553 or 605.

Defendant also asserts that adopting a federal statute of limitations here would promote nationwide consistency and that borrowing from state law invites the risk of forum shopping. In *North Star*, the Court explained that "the practice of adopting state statutes of limitations for federal causes of action can result in different limitations periods in different States for the same federal action, and . . . some plaintiffs will canvass the variations and shop around for a forum. But these are just the costs of the rule itself." 515 U.S. at 36. In any case, while forum shopping may

generally be a concern, in this case, there is no indication that the plaintiff is exploiting state law by filing suit here. Rather, the cause of action arose in this state because the single alleged statutory violation occurred at defendant's commercial establishment in Oneida, Wisconsin. Likewise, defendant's argument that applying a federal statute of limitations would "eliminate the practical difficulties of litigating" similar claims in multiple states is unpersuasive. (Def. Br. at 9.) Notwithstanding the fact that plaintiff may have filed similar cases across the country, "apply[ing] the exception simply for the purpose of streamlining a plaintiff's litigation efforts" is not a sufficient reason to abandon the general rule in favor of borrowing a state statute of limitations. *Wright*, 350 F. Supp. 2d at 1055.

Moreover, while fostering federal uniformity is one argument posited for borrowing a federal statute, in this case, there is not even a settled federal statute to borrow. Instead, federal court decisions have been anything but uniform in determining what statute of limitations should apply to FCA claims. Some courts have borrowed the Wiretap Act's statute of limitations and some have borrowed from the Copyright Act. There may be reasonable arguments for borrowing a statute of limitation from these federal laws, but none are so clear as to supersede the longstanding rule of borrowing from an analogous state statute where, as here, one exists. Furthermore, "[i]f Congress intended to provide for a uniform limitations period, it could have explicitly set such a period when it passed the original act or in any of the four subsequent times it has amended section 605." *Joe Hand Promotions v. Lott*, 971 F. Supp. 1058, 1063 (E.D. La. 1997).[3] At the very least, a six-year

---

[3] In addition, Congress passed a "catch-all" federal statute of limitations in 1990. *See* 28 U.S.C. § 1658(a). The federal catch-all limitations period is four years, but it only applies to post-1990 federal enactments. *Id*. Had the federal catch-all applied to §§ 553 or 605, it too would not have barred plaintiff's suit from going forward. It appears that Congress, when taking the opportunity to clarify a limitations period that would apply to a statute such as the one at issue, has indicated that a four-year statute of limitations is reasonable. Thus, I see even less reason to limit the statute of limitations to a two-year bar in this case.

state statute of limitations does not appear to frustrate any clearly defined or uniform federal policy. If a choice is to be made among several suitable options, it seems incongruous to choose a federal statute of limitations in this case.

Finally, adopting the two-year statute of limitations from the federal Wiretap Act would violate an important principle governing the construction of statutes of limitation in general, namely, that "no person's cause of action will be barred unless clearly mandated by the legislature." *Saunders v. DEC International, Inc.*, 85 Wis.2d 70, 74, 270 N.W.2d 176, 177 (1978). It is fundamentally unfair to bar a party's meritorious claim on the basis of a statute of limitations of uncertain application, even to the courts that are expected to apply it. *See South Milwaukee Savings Bank v. Barczak*, 229 Wis.2d 521, 535, 600 N.W.2d 205, 211 (Ct. App. 1999) ("Absent a clear legislative mandate, case law instructs that the two-year statute of limitations must be narrowly construed in favor of plaintiffs to avoid extinguishing otherwise meritorious claims."). There is also little need to construe the shorter statute of limitations broadly since the equitable defense of laches is always available to protect a defendant from prejudice caused by undue delay. *Haferman v. St. Clare Healthcare Foundation, Inc.*, 2005 WI 171, ¶60, 286 Wis.2d 621, 707 N.W.2d 853.

In sum, Wisconsin's theft of satellite cable programming statute is analogous to §§ 553 and 605, and applying the six-year statute of limitations applicable to Wis. Stat. § 943.47 does not undermine the implementation of the FCA. Because state law "provides a limitations period without frustrating consequences, it is simply beside the point that even a perfectly good federal analogue exists." *North Star*, 515 U.S. at 37. Therefore, plaintiff's cause of action is not time-barred–the alleged statutory violation occurred on January 2, 2010 and plaintiff filed its complaint on February 16, 2012, well within the six-year statute of limitations.

**CONCLUSION**

For the foregoing reasons, plaintiff's complaint is not untimely. As a result, defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c) (ECF No. 10) is **DENIED**.

Dated this   27th   day of November, 2012.

                                       s/ William C. Griesbach
                                       William C. Griesbach, Chief Judge
                                       United States District Court